# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SAUDIA SHULER | : CIVIL ACTION |
| --- | --- |
| v. | : NO. 19-4160 |
| TIMEPAYMENT CORP | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                   **February 28, 2020**

Persons begin lawsuits seeking damages in this Court by serving a summons and a Complaint on their adversary under the Federal Rules of Civil Procedure. The Rules specifically identify how to serve an adversary. After serving the summons and Complaint, a business owner bringing suit, even if she sues without counsel, must state a claim in our limited jurisdiction. We today review a business owner's third *pro se* version of claims which she has yet to properly serve on her adversary. We must grant the Defendant's unopposed Motion to dismiss for failure of service and for failure to state a claim under either the Fair Credit Reporting Act or Telephone Consumer Protection Act. We grant the Defendant's Motion to dismiss with leave to timely amend. If the business owner timely amends, we will allow her time to serve the summons and third amended Complaint for an additional thirty days.

I.  **Alleged Facts**[1]

Restaurant owner Saudia Shuler agreed to pay $4166.37 to TimePayment Corporation in August 2016 for rental equipment for her business.[2] The equipment did not work. She reported its failings to TimePayment three days after delivery.[3] TimePayment did not resolve the problem.[4] She still made a $254.12 payment on December 23, 2016.[5]

TimePayment incorrectly reported she owed $8339 because she only agreed to pay $4166.37.[6] This inaccurate reporting adversely affected her credit score. She reported the inaccurate credit score to the credit bureaus, but they did not amend her credit score.[7]

TimePayment incorrectly reported her account type as "other" and her account status as "closed" although her account remained open.[8] TimePayment inaccurately reported the payment status as "charge off."[9] TimePayment incorrectly reported terms as one month when they should have reported thirty-three months.[10]

TimePayment called her more than seventeen times, even after she told them to stop.[11] The repeated calls caused her stress and anxiety. TimePayment's actions causing a false credit score hindered her ability to grow her restaurant business. She seeks damages and an injunction to change her credit score.

Ms. Shuler sued TimePayment on September 9, 2019.[12] She alleged TimePayment violated the Fair Credit Reporting Act and the Telephone Consumer Protection Act. The Clerk of Court provided her with a summons for service. Ms. Shuler paid a process server $300 to effect service, plus agreed to reimburse travel costs.

On November 29, 2019, this handsomely-paid process server swore she personally served the summons on TimePayment in Massachusetts but she also attached a certified mail receipt for service as of November 21, 2019.[13] In other words, she swears to have both personally served

2

TimePayment in exchange for a $300 charge and served TimePayment by certified mail. The server also swore she incurred $200 for travel.[14] TimePayment swears it received a copy of the summons, but not the complaint, by certified mail.[15] TimePayment swears Ms. Shuler did not serve the summons at their Burlington, Massachusetts facility.[16] TimePayment also attaches the United States Postal Service tracking information for the certified mail, demonstrating the server did not personally deliver summons but dropped it off at the United States Postal Service office in King of Prussia, Pennsylvania in this District.[17]

Ms. Shuler filed an amended Complaint on January 17, 2020 without TimePayment's consent or our Order.[18] We struck the amended Complaint.[19] TimePayment swears Ms. Schuler sent it a second, different copy of a summons by Federal Express on January 20, 2020.[20] Again, this second service did not include the complaint.[21] This summons also lacked a signature.[22]

Ms. Shuler filed a second amended Complaint on January 22, 2020 and served TimePayment with a third copy of a summons.[23] An unknown person left the first page of the summons unattended at TimePayment's offices.[24] The latest service attempt also did not include a complaint and the summons remained unsigned.[25]

## II. Analysis

TimePayment moves to dismiss arguing Ms. Shuler failed to effect proper service or to plead claims under the Fair Credit Reporting Act and the Telephone Consumer Protection Act. Ms. Shuler has not opposed this Motion. We agree with TimePayment and must dismiss this case.

### A. Ms. Shuler failed to properly serve TimePayment.

TimePayment argues we should dismiss Ms. Shuler's second amended Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). TimePayment argues Ms. Shuler failed to serve a copy of the complaint with the summons and she failed to serve

TimePayment through personal delivery of copies of the summons and the complaint to an agent authorized by appointment or by law to receive service or process. TimePayment argues Ms. Shuler did not satisfy her burden of showing proper service.[26]

Ms. Shuler must serve the summons with a copy of the complaint.[27] TimePayment swears Ms. Shuler's process server did not attach a copy of the complaint with the summons. TimePayment swears Ms. Shuler's process server failed to attach a copy of the complaint with the summons in each of the process server's three attempts at service. Ms. Shuler did not reply to TimePayment's motion to dismiss, failing to satisfy her burden to establish proper service.

Ms. Shuler also must deliver copies of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.[28] Though the process server checked the box saying she personally delivered summons, she also attached a certified mail receipt.[29] TimePayment swore it received a copy of the summons via certified mail.[30] TimePayment also attaches the United States Postal Service tracking information for the certified mail.[31] We conclude Ms. Shuler's first attempt at proper service failed. Ms. Shuler's second attempt also failed because Ms. Shuler's process server failed to deliver the summons personally. Ms. Shuler attached the FedEx order details to her complaint,[32] demonstrating the process server again mailed the summons rather than delivering it in person. Finally, Ms. Shuler failed to properly serve TimePayment the third time because the process server left the first page of the summons unattended at TimePayment's offices;[33] the process server did not deliver copies of the summons and complaint to an authorized agent as required by our federal rules of civil procedure.

Ms. Shuler has not met her burden of showing proper service. Ms. Shuler must fully comply with the Federal Rules of Civil Procedure if she timely amends.

4

### B. Ms. Shuler failed to state a Fair Credit Reporting Act claim.

Ms. Shuler alleges TimePayment violated the Fair Credit Reporting Act.[34] TimePayment moves to dismiss this claim arguing Ms. Shuler fails to plead which portion of the Fair Credit Reporting Act it violated, fails to plead whether she gave TimePayment notice of the dispute, fails to plead why the information is disputed or "inaccurate," and fails to plead how TimePayment's conduct caused her damages.[35] Ms. Shuler does not respond to these arguments.

The Fair Credit Reporting Act "seeks to ensure 'fair and accurate credit reporting.'"[36] "[T]he Act regulates the creation and the use of 'consumer report[s]' by 'consumer reporting agenc[ies]' for certain specified purposes, including credit transactions, insurance, licensing, consumer-initiated business transactions, and employment."[37] "Among other things, the [Fair Credit Reporting Act] requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of' consumer reports, § 1681e(b); to notify providers and users of consumer information of their responsibilities under the [Fair Credit Reporting Act], § 1681e(d); and to limit the circumstances in which such agencies provide consumer reports 'for employment purposes,' § 1681b(b)(1)."[38]

Ms. Shuler fails to allege: which provision of the Fair Credit Reporting Act is at issue; TimePayment is a consumer reporting agency as defined by the Act; and TimePayment's failure to follow the requirements of the Act caused inaccurate information in her credit report. Ms. Shuler's pleading fails to state a claim plausible on its face; the pleaded factual content fails to allow us to "draw the reasonable inference [TimePayment is] liable for the misconduct alleged."[39]

We cannot determine the basis for Ms. Shuler's claim under the Fair Credit Reporting Act. As far as we can tell, Ms. Shuler disagrees she owes TimePayment as much as it claims she does. The Fair Credit Reporting Act does not cover such a dispute. We grant TimePayment's motion to

dismiss the Fair Credit Reporting Act claim without prejudice for Ms. Shuler to plausibly allege a claim under the Act if she can do so in good faith.

### C. Ms. Shuler fails to state a Telephone Consumer Protection Act claim.

Ms. Shuler alleges TimePayment violated the Telephone Consumer Protection Act. TimePayment moves to dismiss arguing Ms. Shuler fails to plead which portion of the Telephone Consumer Protection Act TimePayment violated and fails to plead the calls made to her originated from an automated telephone dialing system or used an artificial or prerecorded voice.[40] Ms. Shuler does not respond to these arguments.

The Telephone Consumer Protection Act prohibits making or sending "a non-emergency call or text message 'using any automatic telephone dialing system or an artificial or prerecorded voice'"[41] unless the call is made "solely pursuant to the collection of a debt owed to or guaranteed by the United States."[42] The Telephone Consumer Protection Act defines "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."[43]

Ms. Shuler fails to plead TimePayment used an automatic telephone dialing system or an artificial or prerecorded voice. Ms. Shuler pleads only she received more than seventeen calls from TimePayment even after she told them to stop calling her. Ms. Shuler has not pleaded facts sufficient to state a claim under the Telephone Consumer Protection Act. We grant TimePayment's motion to dismiss the Telephone Consumer Protection Act claim without prejudice for Ms. Shuler to plausibly allege a claim under the Act if she can do so in good faith.

### III. Conclusion

Ms. Shuler failed to properly serve TimePayment. Ms. Shuler also failed to state claims against TimePayment under the Fair Credit Reporting Act and the Telephone Consumer Protection

Act. We grant TimePayment's motion to dismiss without prejudice to filing an amended Complaint consistent with this Order and, if warranted, allowance of a summons to be properly served.

---

[1] "Despite Iqbal's heightened pleading requirements, the district court must be more flexible in its interpretation of *pro se* pleadings." *Boyer v. Mohring*, 994 F. Supp. 2d 649, 654 (E.D. Pa. 2014); *see Higgs v. Attorney General of the United States*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (September 19, 2011) ("[W]hen presented with a *pro se* litigant, we 'have a special obligation to construe his complaint liberally.'" (quoting *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999))).

[2] ECF Doc. No. 18 at 11, 23.

[3] *Id.* at 1.

[4] *Id.*

[5] *Id.* at 11.

[6] *Id.* at 11, 22.

[7] *Id.* at 1, 24, 26, 28.

[8] *Id.* at 3, 7.

[9] *Id.* at 5, 22.

[10] *Id.* at 6, 22.

[11] *Id.* at 8.

[12] ECF Doc. No. 1.

[13] ECF Doc. No. 3 at 1, 4.

[14] *Id.* at 1.

[15] ECF Doc. No. 20-3 at 1.

[16] *Id.* at 1.

[17] ECF Doc. No. 20-2 at 9-11.

[18] ECF Doc. No. 12.

[19] ECF Doc. No. 13.

[20] ECF Doc. No. 18 at 19-20; ECF Doc. No. 20-3 at 1.

[21] ECF Doc. No. 20-3 at 1.

[22] *Id.* at 8.

[23] *Id.* at 2.

[24] *Id.* at 1.

[25] *Id.* at 11.

[26] *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

[27] Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.").

[28] Fed. R. Civ. P. 4(h)(1)(B).

[29] ECF Doc. No. 3.

[30] ECF Doc. No. 20-3 at 1.

[31] ECF Doc. No. 20-2 at 9-11.

[32] ECF Doc. No. 8 at 19-20.

[33] ECF Doc. No. 20-3 at 2.

[34] The Fair Credit Reporting Act's statute of limitations may bar Ms. Shuler's claim. The Fair Credit Reporting Act allows Ms. Shuler to bring her claim within two years after the date she discovered the violation. 15 U.S.C. § 1681p(1). Ms. Shuler pleads she rented the equipment from TimePayment in August 2016. If she discovered the alleged violations of the Fair Credit Reporting Act more than two years before she filed this action, her claims are time barred. But TimePayment does not raise this argument and we do not address it here.

[35] ECF Doc. No. 20-1 at 8-9.

[36] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016) (quoting 15 U.S.C. § 1681(a)(1)).

[37] *Id.* (footnotes omitted) (citing 15 U.S.C. §§ 1681a(d)(1)(A)-(C), § 1681b).

[38] *Ebrahimzadeh v. Sharestates Inv., LLC*, No. 18-1659, 2018 WL 6065419, at *8 (E.D.Pa. Nov. 20, 2018) (citing *Spokeo, Inc.*, 136 S. Ct. at 1545).

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[40] ECF Doc. No. 20-1 at 9.

[41] *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 117 (3d Cir. 2018) (citing 47 U.S.C. § 227(b)(1)(A)(iii)).

[42] 47 U.S.C. § 227(b)(1)(B).

[43] 47 U.S.C. § 227(a)(1)(A)-(B).